IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

IRISHMAN MANAGEMENT, LLC,

    Plaintiff,

v.                                            Case No. 5:26-cv-00197-HE

EASY DAY GOLF LLC, and
JOSHUA SALLEE,

    Defendants.

## ANSWER AND COUNTERCLAIM

**COME NOW** the Defendants, Easy Day Golf, LLC ("Easy Day Golf"), and Joshua Sallee ("Sallee") (collectively, the "Defendants") for their answer to the Verified Complaint ("Complaint") of Plaintiff, Irishman Management, LLC ("Plaintiff"), as follows:

## NATURE OF THE ACTION

1.    No response is necessary to the first sentence of paragraph 1 of the Complaint, and Defendants neither admit nor deny the same. Defendants deny Plaintiff's mark EASY DAY is a "legally owned trademark" of Plaintiff. To the contrary, and as set forth more fully hereinbelow, the mark EASY DAY, as used by Plaintiff, is a near resemblance of certain registered trademarks of the United States Department of the Navy (the "SEALs Marks"), to-wit:

> a. THE ONLY EASY DAY WAS YESTERDAY. U.S. Reg. No. 4742941. IC 025 (footwear). First use Feb. 2014.
> b. THE ONLY EASY DAY WAS YESTERDAY. U.S. Reg. No. 4540664. IC 025 (t-shirts). First use April 2013.

1

      c.  THE ONLY EASY DAY WAS YESTERDAY.  U.S. Reg. No. 7261267. IC 014 (collectible coins).  First use December 2022.

2. The statement "the only easy day was yesterday" is the motto of the U.S. Navy special operations forces commonly known as "SEALs."  The motto is commonly known to reference the intense training program of Navy SEALs, in which trainees are expected to endure more difficult training and expectations on a daily basis.

3. The official insignia of the U.S. Navy SEALs comprises an eagle, anchor (which together comprise the standard U.S. Navy insignia), flintlock pistol and trident combination, to-wit:



4. Imagery related to Navy SEALs commonly includes references to "bone frogs," "frogmen" and tridents/Neptune.  These are each well-known relative to SEALs.

5. The words EASY DAY are well known as being a dominant element of the SEALs Marks and to the goodwill of the SEALs Marks.

6. Plaintiff identifies its owner, Jason Higgins ("Higgins"), as a "former Navy SEAL."  https://easydayapparel.com/pages/about-us

7.      Plaintiff identifies Plaintiff's trademarks "come[] from a mindset forged in the [SEALS] Teams." *Id.* That is, Plaintiff states Plaintiff's trademark was created based on Higgins' personal experience as a SEAL trained under the SEALs Marks' ethic.

8.      Further, Plaintiff states in its website, "[w]hat started as a personal mantra turned into a brand worn by thousands who share the same commitment- to live deliberately, train with intention, and carry themselves with pride no matter the mission." *Id.* Plaintiff's trademark is simply Higgins' personal use of a portion of the SEALs Marks.

9.      To this end, in addition to expropriating language from the SEALs Marks into Plaintiff's trademark, Plaintiff incorporates the trident of the SEAL insignia as part of its logo.



10.      The SEAL trident is likewise incorporated into a variety of products carrying Plaintiff's expropriation of the SEALS Marks. These include the well-known

3

"bone frog" image with trident on a t-shirt, the well-known SEALs frogman image, and Neptune.



11.    Other products sold include a well-known SEAL motto, "Own the Day."



12.     Plaintiff's asserted trademark, although registered, was created with the specific intent of expropriating a dominant element of the SEALs Marks in order to be closely associated with marks, themes, mottos, fame and goodwill of the U.S. Navy SEALS.  In the event products closely associated with the goodwill of the SEALs Marks and SEALs themes ("easy day," bone frog, tridents, Neptune, etc.) were removed from Plaintiff's website, Plaintiff would have essentially nothing original to sell.

13.     Plaintiff's trademark was expropriated from the SEALs Marks for the specific purpose of evoking the name, likeness, concept, goodwill, theme, motto, and history of the SEALs Marks.

14.     In order to apply for trademark registration, an applicant must verify the applicant, *inter alia*, (i) is the owner of the mark sought to be registered (15 U.S.C. §1051(a)(3)(A)) and (ii) to the best of the verifier's knowledge and belief, no other person has the right to use such mark in commerce *either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods of such other person, to cause confusion, or to cause mistake, or to deceive*[.]"  15 U.S.C. §1051(a)(3)(D).  [Emphasis added.]

15.     Plaintiff's mark is based on a near resemblance to the SEALS Marks and, as such, is plainly, directly and intentionally derived from the goodwill of the central element of the SEAL Marks.  This includes, in practice, Plaintiff's use of words comprising a dominant theme of the SEALs Marks with other elements of SEALS, such as a trident, to promote the mark and Plaintiff's products.  Records of the U.S. Patent and Trademark Office ("USPTO") identify Plaintiff's specimen of use filed with his

application comprised a SEAL trident associated with the expropriated portion of the SEALs mark on a product sold by Plaintiff.



16.    Plaintiff falsely verified its application for trademark registration. Plaintiff does not, as a result, lawfully own Plaintiff's marks. 15 U.S.C §1064.

17.    Defendants do not have specific knowledge of Plaintiff's disapproval or lack of authorization to allow Defendants to use Plaintiff's mark based on the illegitimate nature of Plaintiff's mark and so demand strict proof thereof. Defendants otherwise deny paragraph 2 of the Complaint.

## THE PARTIES

18.    Paragraph 3 of Complaint as to Plaintiff's name and address does not require a response. Defendants otherwise deny paragraph 3 of the Complaint.

6

19.     Paragraph 4 of the Complaint does not require a response, but Defendant Easy Day Golf admits its name, form of entity and address as correct.

20.     Defendants admit Joshua Sallee's name and ownership of Easy Day Golf. Otherwise, Defendants deny the remaining allegations of paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

21.     Defendants admit paragraph 6 of the Complaint.

22.     Defendants admit paragraph 7 of the Complaint.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

23.      Defendants can neither admit nor deny paragraph 8 of the Complaint, except that Defendants deny Plaintiff is the lawful owner of any EASY DAY Mark.

24.     Defendants admit, as to paragraph 9 of the Complaint, that Plaintiff filed a certain trademark application which resulted in registration.  Defendants deny said application was lawfully filed pursuant to 15 U.S.C §1051(a)(3)(D) or lawfully registered.

25.     Defendants deny paragraph 10 of the Complaint.

26.     Defendants admit paragraph 11 of the Complaint.

27.     Defendants neither admit nor deny paragraph 12 of the Complaint. Documents of the USPTO may speak for themselves.

28.     Defendants deny paragraph 13 of the Complaint.

29.     Defendants admit the address of Defendants' store and the name thereon, as stated in paragraph 14 of the Complaint.  Defendants otherwise deny the allegations of paragraph 14 of the Complaint.

7

30. Defendants admit in part and deny in part paragraph 15 of the Complaint. Defendants admit Plaintiff contacted Defendants. Defendants deny Plaintiff owns any lawful rights in Plaintiff's trademark.

31. Defendants deny paragraph 16 of the Complaint and state that Defendants had not during September through November 2025 determined Plaintiff did not lawfully register Plaintiff's mark. Additional research has since identified Plaintiff's use of Plaintiff's mark is predicated on a near resemblance to the SEALs Marks in violation of 15 U.S.C. §1051.

32. Defendants deny paragraph 17 of the Complaint. Defendants have identified Plaintiff's offer of an interim license was based at all times on Plaintiff's use of a trademark registered in violation of 15 U.S.C. §1051.

33. As to paragraph 18 of the Complaint, the alleged Interim License speaks for itself.

34. As to paragraph 19 of the Verified Complaint, Defendants admit no definitive license exists between the parties. Defendants deny Defendants "stalled" negotiations. Defendants otherwise admit the parties discussed the matter.

35. Defendants admit paragraph 20 of the Complaint as to Defendants' decision to stop making or selling "easy day' products. Exhibit 9 does not identify the source, date or other information concerning that image and so Defendants deny all other allegations as to said Exhibit 9.

36. Defendants deny Plaintiff is the lawful owner of any EASY DAY trademark and so deny paragraph 21 of the Complaint.

8

37.    Defendants deny Plaintiff is the lawful owner of any EASY DAY trademark and so deny paragraph 22 of the Complaint.

38.    Defendants deny Plaintiff is the lawful owner of any EASY DAY trademark and so deny paragraph 23 of the Complaint.

39.    Defendants deny the allegations of paragraph 24 of the Complaint.

40.    Defendants deny the allegations of paragraph 25 of the Complaint.

41.    Defendants deny the allegations of paragraph 26 of the Complaint.

42.    Defendants deny the allegations of paragraph 27 of the Complaint.

## COUNT I

43.    Paragraph 28 of the Verified Complaint does not require an admission or denial.

44.    Defendants deny the allegations of paragraph 29 of the Complaint. Plaintiff's application for a trademark for EASY DAY was filed by Plaintiff in violation of 15 U.S.C. §1151.  Plaintiff filed said application for the purpose and having the effect of creating a near resemblance of the SEALs Marks in order to sell goods using well-known symbols, images and other indicia closely related to the famous SEALs Marks.

45.    Defendants deny the allegations of paragraph 30 of the Complaint.

46.    Defendants deny the allegations of paragraph 31 of the Complaint.

47.    Defendants deny the allegations of paragraph 32 of the Complaint.

48.    Defendants deny the allegations of paragraph 33 of the Complaint.

49.    Defendants deny the allegations of paragraph 34 of the Complaint.

## COUNT II

50.    Paragraph 35 of the Complaint does not require an admission or denial.

51.    Defendants deny the allegations of paragraph 36 of the Complaint.

52.    Defendants deny the allegations of paragraph 37 of the Complaint.

53.    Defendants deny the allegations of paragraph 38 of the Complaint.

## COUNT III

54.    Paragraph 39 of the Complaint does not require an admission or denial.

55.    Defendants deny the allegations of paragraph 40 of the Complaint.

56.    Defendants deny the allegations of paragraph 41 of the Complaint.

## COUNT IV

57.    Paragraph 42 of the Complaint does not require an admission or denial.

58.    Defendants deny the allegations of paragraph 43 of the Complaint.

59.    Defendants deny the allegations of paragraph 44 of the Complaint.

60.    Defendants deny the allegations of paragraph 45 of the Complaint.

## COUNT V

61.    Paragraph 46 of the Complaint does not require an admission or denial.

62.    Defendants deny the allegations of paragraph 47 of the Complaint.

63.    Defendants deny the allegations of paragraph 48 of the Complaint.

64.    Defendants deny the allegations of paragraph 49 of the Complaint.

## COUNT VI

65.    Paragraph 50 of the Complaint does not require an admission or denial.

66.    Defendants deny the allegations of paragraph 51 of the Complaint.

67.     Defendants deny the allegations of paragraph 52 of the Complaint.

68.     Defendants deny the allegations of paragraph 53 of the Complaint.

69.     Defendants deny the allegations of paragraph 54 of the Complaint.

70.     Defendants deny the allegations of paragraph 55 of the Complaint.

## COUNT VI [SIC]

71.     Paragraph 56 of the Complaint does not require an admission or denial.

72.     Defendants deny the allegations of paragraph 57 of the Complaint.

73.     Defendants deny the allegations of paragraph 58 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny the allegations and claims set forth in Plaintiff's Prayer for Relief and denies that Plaintiff is entitled to any relief sought.

To the extent there remain any allegations in Plaintiff's Complaint which Defendants have not expressly admitted or denied, they are each hereby denied.

## AFFIRMATIVE DEFENSES

For further answer and defense, Defendants allege and state the following affirmative defenses without assuming the burden of proof except to the extent required on pure affirmative defenses:

1.     Plaintiff's claims are barred, in whole or in part, by its failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

2.     Plaintiff's claims are barred, in whole or in part, as this Court lacks subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).

11

3. Plaintiff's claims against Defendant are barred, in whole or in part, because Plaintiff cannot establish that Defendants caused Plaintiff any damage or that it suffered any damages.

4. Plaintiff is not entitled to any recovery and is estopped from seeking the requested relief by its own acts, omissions, and course of conduct in expropriating trademarks owned by another party.

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

6. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate its alleged damages.

7. Plaintiff's actions and conduct in obtaining Plaintiff's trademark were predicated on fraud. Plaintiff did not create a distinct trademark for this business. To the contrary, Plaintiff intentionally and unlawfully expropriated a dominant element of trademarks owned by the United States Navy for the purpose of selling products using themes, mottos, imagery, symbols and other well-known elements of the SEALs in order to market products based specifically on the fame and goodwill of the U.S. Navy SEALs Teams. In so doing, Plaintiff created its mark as a near resemblance of the SEALs Marks. As such, Plaintiff obtained registration of its trademark by fraud.

8. Defendants reserve the right to amend their Answer to assert any additional affirmative defenses based upon further investigation and discovery.

## COUNTERCLAIM

For its Counterclaim against Plaintiff, Defendants complain and allege as follows:

1. As described herein, Plaintiff's trademark was created by Plaintiff as a near resemblance to certain SEALs Marks of the U.S. Navy. Plaintiff expropriated for its own use a dominant element of the SEALs Marks for the specific purpose of marketing products using a "SEALs" theme.

2. As stated in paragraph 9 of the Verified Complaint, Plaintiff's trademark was registered on March 28, 2023.

3. Plaintiff's trademark, based on the SEALs Marks, is used to sell a range of goods in IC 025 identified by other famous mottos, insignias, symbols or other identifying marks associated with the SEALs, including bone frog images, tridents, frogmen, Neptune and other symbols relative to U.S. Navy SEALs.

4. In applying for Plaintiff's trademark, Plaintiff falsely verified the statements required by 15 U.S.C. §1051(a)(3)(D). Plaintiff was never entitled to the EASY DAY trademark so closely and intentionally associated with the SEALs Marks such that Plaintiff would immediately make use of the goodwill associated with the SEALs Marks. As reflected in the specimen (¶15 *infra*), Plaintiff's intention to engage in business using the goodwill of the SEALs Marks existed at the time of the application.

5. A trademark registration which was obtained by fraud may be cancelled. 15 U.S.C. §1064(3).

6. Defendants have been or will be further damaged by the continued registration of Plaintiff's trademark.

## COUNTERCLAIM COUNT I - CANCELLATION OF REGISTRATION

7.    Defendants repeat and reincorporate paragraphs 1 – 6 of their Counterclaim as if fully set forth herein.

8.    Plaintiff knowingly and falsely verified the statements required by 15 U.S.C. §1051(a)(3)(D).

9.    Plaintiff "created" Plaintiff's trademark for the specific purpose of diluting trademarks owned by the U.S. Navy and symbols and imagery closely associated with Navy SEALs. Defendants have been prevented from using their distinct EASY DAY GOLF trademark.  For clarity, Navy SEALs are not commonly associated with the game of golf.

10.    As a direct and proximate result of Plaintiff's fraudulent trademark registration, Defendants have been deprived of the use of their distinct EASY DAY GOLF trademark and as such are entitled to damages.

## REQUEST FOR RELIEF

WHEREFORE, Defendants pray for relief as follows:

1.  Dismissal of all of Plaintiff's claims with prejudice.

2.  An order cancelling, in whole or in part, the registration of Plaintiff's trademark, U.S. Reg. No. 7,008,763.

3.  Such other and further relief as the Court may deem proper.

14

Respectfully submitted,

*s/ James Robert (Jim) Johnson*
James Robert (Jim) Johnson, OBA No. 10865
RESOLUTION LEGAL GROUP
1204 N. Hudson Ave., Suite 300
Oklahoma City, OK 73103
Tel. (405) 235-6500
Fax (405) 758-4775
jim@resolutionlegal.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of March, 2026, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmitting of Notice of Electronic Filing to the following ECF registrants:

Zachary A. Oubre
McAfee & Taft
211 North Robinson Ave.
Oklahoma City, OK 73102

*Attorney for Plaintiff*

s/ James Robert (Jim) Johnson
James Robert (Jim) Johnson

15